# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 26, 2024
Lyle W. Cayce
Clerk

No. 23-10648

In the Matter of 2999TC Acquisitions, L.L.C.

*Debtor*,

Timothy Barton,

*Appellant*,

*versus*

HNGH Turtle Creek, L.L.C.,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2186

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:*

Timothy Barton was a stranger to the litigation in the district court. After the parties settled and the district court dismissed the case, Barton nonetheless attempted to appeal. We dismiss for lack of jurisdiction.

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I.

The underlying dispute arises from bankruptcy.[1] An entity called 2999TC Acquisitions, LLC filed for bankruptcy protection. One of 2999TC's creditors, HNGH Turtle Creek, sought an order from the bankruptcy court that it was entitled to certain property. The bankruptcy judge issued an order in favor of HNGH. 2999TC appealed to the district court.

In a related proceeding, the district court appointed a receiver to act on behalf of 2999TC. The receiver and HNGH reached a settlement in the matter related to 2999TC's property. 2999TC and HGNH, as part of their settlement, agreed to voluntarily dismiss the proceeding in the district court by a joint stipulation under Bankruptcy Rule 8023(a).

Barton then filed a pro se notice of appeal. But Barton was never a party, nor had he moved to intervene as one, in the 2999TC/HNGH dispute. Barton nonetheless argues that the stipulated voluntary dismissal between 2999TC and HNGH was an adverse "final judgment" that he can appeal.

## II.

Barton invokes our jurisdiction under 28 U.S.C. § 1291. But there are multiple potential jurisdictional grounds upon which to dismiss this case.

---

[1] Barton failed to timely designate any records from the bankruptcy court or the receivership proceeding. This court denied his untimely motion to supplement the record. Accordingly, this background section is based on the parties' representations in their briefs, the publicly available docket in the receivership case, and HNGH's 28(j) letter.

Barton's lack of appellate standing is sufficient to dispose of this case. As we have noted:

> "The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *see also Bayard v. Lombard*, 50 U.S. 530, 546 (1850) (holding that a writ of error "cannot be sued out by persons who are not parties to the record, . . . [or] by strangers to the judgment and proceedings . . . "); *Payne v. Niles*, 61 U.S. 219, 221 (1857) ("[I]t is very well settled in all common-law courts, that no one can bring up, as plaintiff in a writ of error, the judgment of an inferior court to a superior one, unless he was a party to the judgment in the court below . . . ."); *United States ex rel. La. v. Boarman*, 244 U.S. 397, 402 (1917) (describing the principle proscribing nonparty appeals "as a subject no longer open to discussion").
>
> The courts of appeals have recognized limited exceptions to this rule. The Supreme Court has regarded these exceptions with, at best, skepticism. *See Marino*, 484 U.S. at 304 ("The Court of Appeals suggested that there may be exceptions to this general rule, primarily when the nonparty has an interest that is affected by the trial court's judgment . . . . We think the better practice is for such a nonparty to seek intervention for purposes of appeal; denials of such motions are, of course, appealable." (internal quotation marks and citation omitted)); *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) ("The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit.").

*United States v. Slovacek*, 699 F.3d 423, 426–27 (5th Cir. 2012) (parallel citations omitted); *see also In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 249 (5th Cir. 2009) ("Non-parties are generally not permitted to appeal a ruling in which they did not participate.").

Barton is not a party to the underlying dispute—the stipulated voluntary dismissal is between 2999TC and HNGH. Nor has he moved to intervene. Therefore, under *Marino* and our precedent, he cannot appeal as a stranger to the proceeding below.

Barton's only contention to the contrary is that he should not be considered a stranger because he has a financial interest in the 2999TC/HNGH dispute. True, we have allowed a non-party to appeal after *Marino v. Ortiz*. *See Castillo v. Cameron County*, 238 F.3d 339, 349 (5th Cir. 2001) (adopting "a three-part test, analyzing whether the non-parties actually participated in the proceedings below, the equities weigh in favor of hearing the appeal, and the non-parties have a personal stake in the outcome" (internal quotations omitted)). But it is not clear that *Castillo* remains good law after *City of New York*. *See* 556 U.S. at 933 (appearing to abrogate non-party appellate standing). And in any event, none of the *Castillo* factors are present here. Barton did not personally participate in the proceeding below. He is not personally the owner of the property at issue. And we have no way to assess the equities because Barton failed to file a complete record with this case or make a motion to intervene. *See supra* n.1. Moreover, he did not invoke the *Castillo* rule as a basis for jurisdiction. *Cf. DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[T]he party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

DISMISSED.